PUENTE, APPELLANT, *v.* THE PEOPLE ET AL., RESPONDENTS.

APPEAL from the District Court of Ponce.

No. 897.—Decided May 27, 1913.

The judgment appealed from is affirmed on the grounds of the opinion rendered in case No. 898, *Succession of Puente* v. *The People et al.*, ante p. 532.

*Messrs. José Tous Soto, López de Tord* and *Canales* for appellant.

*Mr. Wolcott H. Pitkin, Jr., Attorney General,* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 13, 1912, Maximino Puente y Compostizo filed a complaint in the District Court of Ponce against The People and the Treasurer of Porto Rico for the restitution of inheritance taxes illegally collected. The following are the fundamental facts alleged in said complaint:

*First.* That the plaintiff is the sole and universal heir of Juliana Puente y Compostizo, who was also one of the heirs to the estate of Lázaro Puente y Compostizo, of which estate she, as sister of the deceased, was entitled to a fifth part of the whole.

*Second.* That Lázaro Puente y Compostizo died in Ponce on February 23, 1908, and a short time thereafter certain individuals named Amsterdam brought an action alleging that they were the acknowledged natural children of Puente and praying that the court decree them to be such and recognize besides their right to participate as heirs in the estate of their putative father. Said suit was settled by compromise

on February 27, 1912, the Amsterdams waiving the rights which they might have in the estate of Puente and acknowledging the brothers and nephews of said Puente to be his sole heirs.

*Third.* That within the time fixed by law Ramón Valdecilla, the judicial administrator of the estate left by Puente, presented an inventory of the property under his control in said capacity to the Treasurer of Porto Rico in accordance with the statutory requirements in connection with inheritance taxes.

*Fourth.* That on account of the different degrees of relationship existing among the persons claiming the inheritance it was found impossible to assess the taxes due from the estate, and that as soon as the claims were disposed of the judicial administrator applied to the Treasurer for an assessment for the purpose of paying said taxes.

*Fifth.* That as a result of said action of the administrator the Treasurer of Porto Rico on March 15, 1912, sent for collection a statement or account (bill No. 1285) of the taxes, in which statement the property constituting the estate appeared appraised at $118,939.49 and the amount of taxes was assessed at $5,201.37 plus $1,603.76 as interest.

*Sixth.* That subsequently the Treasurer of Porto Rico sent also for collection another account (bill No. 1296) in which, taking as a basis the classification set out in bill No. 1285, he claimed from the plaintiff as inheritance taxes on the property of Juliana Puente y Compostizo, to which property the said plaintiff was heir, the sum of $1,361.02, which amount was paid by the administrator under protest, the correct amount due being $69.

*Seventh.* That the difference between the sum of $1,361.02 paid under protest and the sum of $69, which was lawfully due, is due to the fact that $320.75 was collected as surcharges, which surcharges were not due because the taxes were paid as soon as they became due, and to the fact that in assessing the property of Juliana Puente there were included in the

appraisal not only real property but also personal property, notwithstanding the fact that the latter is exempt by law from inheritance taxes because Juliana Puente had not resided permanently or temporarily in Porto Rico.

*Eighth.* That according to the official appraisal the only real estate left by Lázaro Puente y Compostizo was valued at $11,500, of which only the fifth part, or $2,300, belonged to Juliana, and therefore the plaintiff should have been charged with only 3 per cent of the said amount as inheritance tax, or $69. Hence, there has been collected from him the sum of $1,292.02 in excess of what was really due for taxes.

In view of the foregoing facts the plaintiff concludes with the prayer that the defendants be adjudged to refund to him the said sum of $1,292.02 with interest and costs including attorney's fees.

On June 3 following the defendants answered the complaint alleging as their first ground of defense that the complaint did not state facts sufficient to constitute a cause of action, also that it was uncertain, unintelligible, and ambiguous; and as a second ground of defense, that the causes of action set forth in said complaint were in direct opposition to the provisions of section 374 of the Political Code of Porto Rico.

The grounds of demurrer alleged in the answer having been heard and argued, the District Court of Ponce rendered judgment on August 5 last sustaining the general demurrer alleged as the first ground of defense in the answer and therefore dismissing the complaint with the costs against the plaintiff for the reason that it appeared from the complaint that the action brought thereby was not the appeal allowed by section 374 of the Political Code of Porto Rico in favor of taxpayers on inheritances according to the opinion delivered in case No. 2692, *Succession of Lázaro Puente y Compostizo v. The People and Treasurer of Porto Rico.*

This judgment comes before us for consideration on an appeal taken by the attorney for the plaintiff who bases the

same on the single ground that the court erred in dismissing the complaint because Act No. 35 of 1911 provides a remedy applicable to the collection or attempted collection of all taxes or revenues, including inheritance taxes. On the other hand, the respondents contend that said act is not applicable to inheritance taxes and that inasmuch as the appellants have failed to comply with the provisions of section 374 of the Political Code they are now deprived of any remedy by their own negligence.

In considering the case of the Succession of Puente against The People and the Treasurer of Porto Rico, ante p. 532, we reviewed Title IX of the Political Code of Porto Rico, approved March 1, 1902, with the title "Revenues" and containing three chapters entitled "Assessment of Property," "Excise Taxes," and "Inheritance Taxes," keeping in mind the amendments made by acts passed subsequent to the approval of the sections comprised in said title. We then carefully considered section 374 of the third chapter treating of "Inheritance Taxes" in connection with Act No. 35 approved in 1911 and arrived at the conclusion that said act did not repeal said section either expressly or impliedly, which section consequently is applicable to the case at bar.

We follow here the legal grounds set forth in the opinion which served as the basis for the decision of the other case to which we have referred.

As the plaintiff has failed to take advantage of the appeal allowed by section 374 of the Political Code, which is still in force, in order to obtain redress for the injury or injuries which he claims to have suffered by reason of the appraisement and assessment of the taxes imposed on the inheritance of Juliana Puente y Compostizo but has brought an action which is not appropriate to the issue, the judgment rendered by the District Court of Ponce on August 5 last past and from which this appeal is taken should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.